# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION
## Civil Action No. 5:11 CV 700 - FL

| | |
|---|---|
| DAVID CHARLES HALL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **CONSENT PROTECTIVE ORDER** |
| ) | |
| ) | |
| ZURICH AMERICAN INSURANCE ) | |
| COMPANY, ) | |
| Defendant. ) | |

Upon joint motion of the plaintiff and defendant for a protective order, pursuant to Fed.R.Civ.P. 26, and it appearing that this matter involves a claim for disability insurance benefits and damages under a contract of insurance not governed by ERISA, and it appearing that documents, information, and testimony will be sought or exhibited by the plaintiff, which such documents, information, and testimony relate to defendant's confidential proprietary commercial information, and it appearing that documents, information, and testimony will be sought or exhibited by the defendant, which such documents, information, and testimony relate to plaintiff's medical condition, the plaintiff and defendant have entered into this Consent Protective Order to protect the confidentiality of this information.

NATURE OF THE CASE

1. Plaintiff seeks to recover damages for the cessation of payment of benefits, unfair and deceptive trade practices, bad faith, and punitive damages related to the cessation of payment of benefits under a Truckers Occupational Accident Insurance policy (the "Policy") issued by defendant.

2. Plaintiff alleges he is entitled to payment of disability benefits under the Policy as a result of personal injuries suffered in a truck accident in December 2006 and defendant disputes his entitlement.

3. Discovery related to plaintiff's claims in this litigation will necessarily entail the exchange of defendant's confidential and proprietary commercial information. For example, defendant's claim materials which detail defendant's claim handling will be at issue. The insurance industry is competitive and exposure to the public of said documents would impair any competitive advantage defendant may have in the industry.

4. Similarly, evaluation of plaintiff's right to benefits will require that plaintiff supply to defendant extensive personal and confidential information. For example, discovery will entail the exchange of plaintiff's pre- and post-accident medical records. Said records contain treating physician notes, diagnoses, treatment recommendations, and other personal information about plaintiff's health and medical condition. Discovery will also entail the exchange of records from the Social Security Administration relating to plaintiff's Social Security Award. Other similar documents and those which may refer, reference or accompany said documents may also be exchanged. This information relates to plaintiff's personal medical condition and should be protected from exposure to the public.

By consent, IT IS HEREBY ORDERED THAT:

<u>DESIGNATION OF CONFIDENTIAL INFORMATION</u>

1. Confidential information is information which concerns or relates to defendant's financial or other confidential, commercial or proprietary information and is information which concerns plaintiff's medical condition or financial or benefit status, and such confidential

information is of such a nature as to be protectable under Rule 26(c)(1) of the Federal Rules of Civil Procedure ("Confidential Information").

2. In the absence of written permission from the plaintiff, defendant or an Order by the Court, Confidential Information marked "Confidential" by plaintiff or defendant shall not be disclosed to any person other than: (i) the Court, and the employees thereof; (ii) the jury, if any; (iii) court reporters and stenographers engaged for the taking of deposition testimony or other discovery in this litigation; (iv) the parties and their counsel in this lawsuit (including secretarial, paralegal and clerical personnel assisting such counsel); (v) experts and their staff who are employed for the purposes of this litigation; and (vi) deponents or prospective trial witnesses, who may see transcriptions of their own testimony and may see documents related to Confidential Information about which they potentially have personal knowledge. Before such disclosure, the parties' respective experts (non-testifying and testifying) and deponents or prospective trial witnesses described above shall agree to abide by the terms of this Consent Protective Order by signing an undertaking in the form attached hereto as Exhibit A, a copy of which shall be retained by counsel for the party obtaining the signed undertaking.

3. All Confidential Information shall be used solely for the purposes of this litigation.

4. Any documents, information, or testimony submitted either in response to discovery requests or pursuant to this or any other Order in this matter, which documents, information, or testimony is asserted by plaintiff or defendant to contain or constitute information relating to plaintiff's medical condition or defendant's confidential proprietary and/or commercial information, may be so designated by plaintiff or defendant in writing, or orally at deposition, and shall be segregated from other information being submitted. All such

documents or transcriptions of such testimony shall be clearly and prominently marked or identified with the designation and legend: "CONFIDENTIAL."

5. If either plaintiff or defendant receives any documents, information, or testimony submitted and/or designated as confidential in accordance with paragraphs 1 - 4 above, and disagrees with respect to such designation, in full or in part, the party shall notify the other party in writing, and the two parties shall thereupon confer as to the status of the subject documents, information, or testimony proffered within the context of this Order. If prior to or at the time of such conference the party withdraws its designation of such documents, information, or testimony as being subject to this Order, but nonetheless produces such documents, information, or testimony for purposes of this litigation, the party shall express the withdrawal in writing and serve such withdrawal upon the other party. If the parties are unable to concur upon the status of the subject documents, information, or testimony within thirty calendar days from the date of notification of such disagreement, the objecting party may thereafter file a motion to compel with the Court for consideration of whether the documents, information, or testimony are entitled to confidentiality pursuant to the Federal Rules of Civil Procedure.

6. If one party's confidential information is disclosed by the other party to any person other than in the manner authorized by this Consent Protective Order, the disclosing party must immediately bring all pertinent facts relating to such disclosure to the attention of the other party, and, without prejudice to other rights and remedies, make every reasonable effort to prevent further disclosure.

7. The parties shall not be obligated to challenge the propriety of any confidential designation and a failure to do so shall not preclude a subsequent challenge on the propriety of such designation.

8. Nothing shall prevent general disclosure beyond the terms of this Order if the party whose Confidential Information is at issue consents in writing in advance to such disclosure, or if the Court, after notice to all parties, authorizes such disclosure.

9. Nothing in the foregoing provisions of this Consent Protective Order shall be deemed to preclude either party from seeking and obtaining, on an appropriate showing, such additional protection with respect to confidential information as either party may consider appropriate.

10. To the extent that any materials subject to this Consent Protective Order (or any pleading, motion or memorandum referring to them) are proposed to be filed with the Court, the parties agree first to confer to determine if the confidentiality concerns can be protected through agreed-upon redactions or other action without filing such materials under seal. If an agreement cannot be reached and sealed documents must be filed with the Court, the parties shall comply with court rules and procedures for filing documents under seal. Specifically, each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion

and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

11. Upon completion of this litigation, plaintiff, defendant, and all persons who are subject to this Consent Protective Order shall continue to treat all items containing confidential information or documents, information, or testimony designated as "Confidential" in accordance with the terms of this Order, and each party shall return all such materials and copies thereof to counsel for the other party or certify in writing to counsel that such materials and copies thereof of the opposing party have been destroyed or deleted.

SO ORDERED, this 24th day of April, 2012.

/s/ Louise W. Flanagan
United States District Judge

CONSENTED TO:

/s/ James B. Gillespie, Jr.
James B. Gillespie, Jr.
N.C. Bar. No. 6169
The Law Offices of James B. Gillespie, Jr., PLLC
415 Chestnut Street
Wilmington, North Carolina 28401
Telephone: (910) 763-5485
*Attorney for Plaintiff*

/s/ James w. Bryan
James W. Bryan
N.C. State Bar No. 16575
Nexsen Pruet, P.L.L.C.
Post Office Box 3463
Greensboro, North Carolina 27402
Telephone: (336) 373-1600
*Attorney for Zurich American Insurance Company*

/s/ David A. Luzum
David A. Luzum
N.C. State Bar No. 41398

Nexsen Pruet, P.L.L.C.
Post Office Box 3463
Greensboro, North Carolina 27402
Telephone: (336) 373-1600
*Attorney for Zurich American Insurance Company*

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:11 CV 700 - FL**

| | |
|---|---|
| DAVID CHARLES HALL, JR., )<br>)<br>Plaintiff, )<br>v. )<br>)<br>)<br>ZURICH AMERICAN INSURANCE )<br>COMPANY, )<br>Defendant ) | **UNDERTAKING** |

_____, being duly sworn, states

I have read the Consent Protective Order dated _____ regarding the protection of confidential information in the captioned civil action.

I agree to abide by and be bound by the terms of said Order.

I acknowledge receipt of a copy of said Order.

_____

Sworn to and subscribed before me
this the \_\_\_\_\_ day of _____, 20\_\_\_\_.

_____
Notary Public

My Commission Expires: _____